UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | | |
|---|---|---|
| ROBERT BARROCA, | ) | |
| | ) | |
| Petitioner, | ) | Civil No. |
| | ) | 5:19-cv-228-JMH |
| v. | ) | |
| | ) | |
| WARDEN FRANCISCO QUINTANA | ) | |
| | ) | **MEMORANDUM OPINION** |
| Respondent. | ) | **AND ORDER** |
| | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Robert Barroca was recently confined at the Federal Medical Center in Lexington, Kentucky. Proceeding without a lawyer, Barroca filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in which he challenges the imposition of disciplinary sanctions against him. [DE 1]. The Respondent then responded to Barroca's petition [DEs 14, 22], and Barroca filed a reply brief [DE 21]. Thus, Barroca's petition is now ripe for a decision by this Court. For the reasons set forth below, the Court will deny Barroca's petition.

According to a prison incident report, in late 2016, while Barroca was incarcerated at the United States Penitentiary in Leavenworth, Kansas, prison officials searched a few cells and discovered approximately 15 gallons of homemade intoxicants. [*See* DE 14-1 at 26]. Shortly thereafter, "[a]s inmates began to report back to the housing unit . . ., inmates began to complain about the search and state that they were going to get even with

staff for completing the search of the housing unit." [*Id.*]. Prison staff identified Barroca and two other inmates "as encouraging other inmates to participate in the group demonstration/riot/revolt against staff" and functioning "as the lead instigators of the incident." [*Id.*]. The incident report then discusses multiple incriminating statements allegedly made by Barroca and other inmates, suggesting that they were "encouraging a group demonstration/encouraging other inmates to riot." [*Id.*]. Ultimately, prison officials completed the incident report, charged Barroca with a Code 106 offense for encouraging others to riot, and gave him a copy of the report. [*See id.* at 26-27].

A disciplinary hearing was held about two months later, and the Discipline Hearing Officer (DHO) found that the greater weight of the evidence supported the charge against Barroca. [*See* DE 14-1 at 28-37]. Thus, the DHO ordered that Barroca lose twenty-seven days of good conduct time and imposed other sanctions. [*Id.* at 36]. That said, Barroca appealed this decision administratively, and the Bureau of Prisons remanded his case for a rehearing because the DHO report indicated that Barroca waived his right to call witnesses but did not include his signature confirming that waiver. [*See id.* at 192].

On remand, on November 15, 2017, prison officials advised Barroca of his rights at an upcoming disciplinary rehearing and notified him that, based on the same 2016 incident, he was being

2

charged with engaging in a group demonstration (now labeled a Code 212 offense). [*See* DE 14-1 at 209-10]. Barroca signed the document notifying him of his rights in advance of the rehearing [*see id.* at 209], as well as the document providing him advance notice of the charge against him [*see id.* at 210]. On the latter form, Barroca indicated that he wished to have a staff member represent him at the hearing, and he checked the box indicating that he wished to have witnesses testify on his behalf. [*See id.*].

A disciplinary rehearing was held about one month later. [*See* DE 14-1 at 203-08]. At the hearing, a staff representative appeared on Barroca's behalf, and Barroca denied the allegations and charge against him. [*See id.* at 203]. Barroca did not waive his right to witnesses; rather, the DHO's report provides that, "according to the staff representative, inmate Barroca asked her to interview (and get witness statements from) . . . [multiple] witnesses." [*Id.* at 203-04]. The DHO's report then indicates that those witness statements were, indeed, submitted by Barroca's staff representative on his behalf, as requested. [*See id.* at 204].

The DHO considered the evidence put forth by Barroca's representative, as well as other relevant evidence. [*See* DE 14-1 at 203-07]. This evidence included but was not limited to Barroca's own statement, the reporting officer's statement/the special investigation report, statements made by multiple inmates and staff members, supporting memoranda, and e-mail correspondence.

3

[*See id.*]. Ultimately, the DHO discussed the evidence at length and determined that Barroca did engage in or encourage a group demonstration, in violation of Code 212. [*See id.* at 205-07]. Therefore, the DHO ordered that Barroca lose twenty-seven days of good conduct time and imposed other sanctions. [*See id.* at 207]. The DHO then advised Barroca of his right to appeal his decision, and a copy of the DHO's report was delivered to Barroca. [*See id.* at 208].

As the Respondent acknowledges [*see* R. 22], Barroca appealed the DHO's decision administratively within the Bureau of Prisons, albeit to no avail. Barroca then filed his § 2241 petition with this Court, and he asks the Court to expunge the disciplinary conviction against him and restore the days of good conduct time that he lost. [*See* R. 1 at 10].

As an initial matter, despite Barroca's claims to the contrary, he has not demonstrated that he was denied certain procedural protections that he was due. Under the law, Barroca was entitled to advance notice of the charge against him, the opportunity to present evidence and witnesses in his defense, and a written decision explaining the grounds used to determine his guilt. See *Wolff v. McDonnell*, 418 U.S. 539, 563-66 (1974).

Here, as discussed above, the record reflects that Barroca received each of these procedural protections. Indeed, Barroca received notice of the charge against him both in December 2016

4

[*see* DE 14-1 at 26] and again in November 2017, ahead of his disciplinary rehearing [*see* DE 14-1 at 210]. Barroca was also given the opportunity to and did, in fact, present evidence and witness statements in his defense at the rehearing, and he did so with the assistance of a staff representative. [*See id.* at 203-07]. Finally, prison officials provided Barroca with a written decision explaining the grounds used to determine his guilt. [*See id.* at 208 (indicating that the DHO's report was delivered to Barroca)]. Thus, Barroca's claim that his due process rights were violated is simply unavailing.

The only remaining question then is whether there was "some evidence" in the record to support the DHO's decision in this case. *See Superintendent v. Hill*, 472 U.S. 445, 454 (1985); *Selby v. Caruso*, 734 F.3d 554, 558-59 (6th Cir. 2013). This is a very low threshold. After all, the Court does not examine the entire record or independently assess the credibility of witnesses. *Hill*, 472 U.S. at 455. Instead, the Court merely asks "whether there is *any* evidence in the record that could support the conclusion reached by the disciplinary board." *Id.* at 455-56 (emphasis added); *see also Higgs v. Bland*, 888 F.2d 443, 448-49 (6th Cir. 1989) (discussing this standard).

In this case, there was certainly some evidence in the record to support the DHO's decision. In fact, the DHO's report details the evidence in this case linking Barroca to the offense in

question, including but not limited to the multiple statements made by prison staff members during the course of the special investigation. [*See* DE 14-1 at 205-07 (discussing the specific evidence that the DHO relied on to support his findings)]. To be sure, Barroca complains about the use of information from a confidential source. However, even if that evidence is discounted entirely, there was still enough evidence against Barroca to meet the very low threshold applicable here. *See Hill*, 472 U.S. at 454.

In conclusion, Barroca has not demonstrated that he was denied certain procedural protections that he was due, and there was enough evidence to support the DHO's decision in this case.

Accordingly, it is **ORDERED** as follows:

(1) Barroca's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [DE 1] is **DENIED;**

(2) This action is **DISMISSED** and **STRICKEN** from the Court's docket; and

(3) The Court will enter a corresponding Judgment.

This 28th day of January, 2020.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge